Form No. 3 (Pg. 1)

| B 104 (Rev. 2/92) | **ADVERSARY PROCEEDING COVER SHEET** (Instructions on Reverse) | ADVERSARY PROCEEDING NUMBER (Court Use Only) |
|---|---|---|

**PLAINTIFFS**

Luis G. Santiago Pastoriza

**DEFENDANTS**

Cingular Wireless.; AFNI, Inc.; John Doe & Richard Roe; Insurance Companies X, Y, and/or Z

**ATTORNEYS** (Firm Name, Address, and Telephone No.)

Felix M. Zeno Gloro, Esq. PO Box 1945, Arecibo, PR (787) 8791760 00613

**ATTORNEYS** (if Known)

RECEIVED AND FILED
CASHIER 1
2007 OCT 15 PM 3:46
U.S. BANKRUPTCY COURT
FOR THE DISTRICT OF
PUERTO RICO

**PARTY** (Check one box only)   ☐ 1 U.S. PLAINTIFF   ☐ 2 U.S. DEFENDANT   ☑ 3 U.S. NOT A PARTY

**CAUSE OF ACTION** (WRITE A BRIEF STATEMENT OF CAUSE OF ACTION, INCLUDING ALL U.S. STATUTES INVOLVED)

Violation of Automatic Stay (Willful) pursuant to section 362 of the Bankruptcy Code.

**NATURE OF SUIT**
(Check the one most appropriate box only)

☐ 454 To Recover Money or Property

☐ 455 To revoke an order of confirmation of a Chap. 11, Chap. 12, or Chap. 13 Plan

☐ 456 To obtain a declaratory judgment relating to any of foregoing causes of action

☐ 435 To Determine Validity, Priority, or Extent of a Lien or Other Interest in Property

☐ 426 To determine the dischargeability of a debt 11 U.S.C. §523

☐ 459 To determine a claim or cause of action removed to a bankruptcy court

☐ 457 To obtain approval for the sale of both the interest of the estate and of a co-owner in property

☑ 434 To obtain an injunction or other equitable relief

☐ 498 Other (specify)

☐ 424 To object or to revoke a discharge 11 U.S.C. §727

☐ 458 To subordinate any allowed claim or interest except where such subordination is provided in a plan

**ORIGIN OF PROCEEDINGS** (Check one box only.)

☑ 1 Original Proceeding   ☐ 2 Removed Proceeding   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another Bankruptcy Court   ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23

| DEMAND 150 | NEAREST THOUSAND $ 150,000.00 | OTHER RELIEF SOUGHT | ☐ JURY DEMAND |
|---|---|---|---|

**BANKRUPTCY CASE IN WHICH THIS ADVERSARY PROCEEDING ARISES**

| NAME OF DEBTOR Luis G. Santiago Pastoriza | BANKRUPTCY CASE NO. 05-13197 |
|---|---|
| DISTRICT IN WHICH CASE IS PENDING Puerto Rico | DIVISIONAL OFFICE | NAME OF JUDGE Enrique S. Lamoutte |

**RELATED ADVERSARY PROCEEDING (IF ANY)**

| PLAINTIFF | DEFENDANT | ADVERSARY PROCEEDING NO. |
|---|---|---|
| DISTRICT | DIVISIONAL OFFICE | NAME OF JUDGE |

**FILING FEE** (Check one box only.)   ☐ FEE ATTACHED   ☑ FEE NOT REQUIRED   ☐ FEE IS DEFERRED

| DATE October 15th, 2007 | PRINT NAME Felix M. Zeno Gloro / Lizabness a Fontanez | SIGNATURE OF ATTORNEY (OR PLAINTIFF) |
|---|---|---|

Form No. 3 (Pg. 2)

B-104

## ADVERSARY PROCEEDING COVER SHEET (Reverse Side)

This cover sheet must be completed by the plaintiff's attorney (or by the plaintiff if the plaintiff is not represented by an attorney) and submitted to the Clerk of the court upon the filing of a complaint initiating an adversary proceeding.

The cover sheet and the information contained on it *do not* replace or supplement the filing and service of pleadings or other papers as required by law, the Bankruptcy Rules, or the local rules of court. This form is required for the use of the clerk of the court to initiate the docket sheet and to prepare necessary indices and statistical records. A separate cover sheet must be submitted to the clerk of the court for each complaint filed. The form is largely self explanatory.

**Parties.** The names of the parties to the adversary proceeding *exactly* as they appear in the complaint. Give the names and addresses of the attorneys if known. Following the heading "Party," check the appropriate box indicating whether the United States is a party named in the complaint.

**Cause of Action.** Give a brief description of the cause of action including all federal statutes involved. For example, "Complaint seeking damages for failure to disclose information, Consumer Credit Protection Act, 15 U.S.C. §1601 et seq.," or "Complaint by trustee to avoid a transfer of property by the debtor, 11 U.S.C. §544."

**Nature of Suit.** Place an "X" in the appropriate box. Only one box should be checked. If the cause fits more than one category of suit, select the most definitive.

**Origin of Proceedings.** Check the appropriate box to indicate the origin of the case:

    1.   Original Proceeding.
    2.   Removed from a State or District Court.
    4.   Reinstated or Reopened.
    5.   Transferred from Another Bankruptcy Court.

**Demand.** On the next line, state the dollar amount demanded in the complaint in thousands of dollars. For $1,000 enter "1," for $10,000 enter "10", for$100,000 enter "100," if $1,000,000, enter "1000." If $10,000,000 or more, enter "9999.11 If the amount is less than $1,000, enter "0001." If no monetary demand is made, enter "XXXX." If the plaintiff is seeking non-monetary relief, state the relief sought, such as injunction or foreclosure of a mortgage.

**Bankruptcy Case In Which This Adversary Proceeding Arises.** Enter the name of the debtor and the docket number of the bankruptcy case from which the proceeding now being filed arose. Beneath, enter the district and divisional office where the case was filed, and the name of the presiding judge.

**Related Adversary Proceedings.** State the names of the parties and the six digit adversary proceeding number from any adversary proceeding concerning the same two parties or the same property currently pending in any bankruptcy court. On the next line, enter the district where the related case is pending and the name of the presiding judge.

**Filing Fee.** Check one box. The fee must be paid upon filing unless the plaintiff meets one of the following exceptions. The fee is not required if the plaintiff is the United States government or the debtor. If the plaintiff is the trustee or a debtor in possession, and there are no liquid funds in the estate, the filing fee may be deferred until there are funds in the estate (in the event no funds are ever recovered for the estate, there will be no fee). There is no fee for adding a party after the adversary proceeding has been commenced.

**Signature.** This cover sheet must be signed by the attorney of record in the box on the right of the last line of the form. If the plaintiff is represented by a law firm, a member of the firm must sign. If the plaintiff is *pro se*, that is, not represented by an attorney, the plaintiff must sign.

The name of the signatory must be printed in the box to the left of the signature. The date of the signing must be indicated in the box on the far left of the last line.

# IN THE UNITED STATES BANKRUPTCY COURT

# FOR THE DISRICT OF PUERTO RICO

IN RE:

LUIS GUILLERMO SANTIAGO
PASTORIZA

A.K.A.

LUIS G. SANTIAGO

ID. # xxx-xx-7135

LUIS GUILLERMO SANTIAGO
PASTORIZA

**Plaintiff**

**vs.**

CINGULAR WIRELESS;
AFNI,INC.;JOHN DOE &
RICHARD ROE; INSURANCE
COMPANIES X, Y, AND/OR
Z

**Defendants**

**CASE NO:** <u>2005-13197 (ESL)</u>

CHAPTER 13 (AOR)

ADV.PROC.NO. <u>2007-</u>

**VIOLATION OF THE AUTOMATIC**

**STAY**



# C O M P L A I N T

TO THE HONORABLE COURT:

COME NOW, PLAINTIFF, *LUIS GUILLERMO SANTIAGO PASTORIZA*, through the undersigned attorney, and ALLEGES, STATES, PRAYS and REQUESTS RELIEF as follows:

1

# JURISDICTION AND VENUE OF THIS

# HONORABLE COURT

This is a **core** proceeding under 11 U.S.C. §§ 362 and FRBP 7001.

**Jurisdiction** is invoked under 28 United State Code U.S.C. §157(a)(b)(1) and §1334 since it arises in a case under the Bankruptcy Code and concerns property of the Debtor.

**Venue** is proper in this District Court under 28 U.S.C. §1408 & §1409, in as such as all the events or omissions giving rise to the claims of the above-captioned case occurred within the territory of this jurisdictional district.

# PARTIES

1. PLAINTIFF, LUIS GUILLERMO SANTIAGO PASTORIZA (hereinafter referred to as PLAINTIFF and/or DEBTOR-PLAINTIF), debtor in a Chapter 13 petition under the Bankruptcy Code (case 2005-13197 ESL), and therefore has standing to appear as PLAINTIFF.

2. UNSECURED Creditor, CINGULAR WIRELESS (hereinafter referred to as DEFENDANT CINGULAR), committed and/or participated in acts against PLAINTIFF in violation of the

2

Automatic Stay Order provisions, and therefore is responsible for the damages and acts alleged in this complaint.

3. AFNI, INC.(hereinafter referred to as DEFENDANT AFNI), committed and/or participated in acts against PLAINTIFF in violation of the Automatic Stay Order provisions, and therefore is responsible for the damages and acts alleged in this complaint.

4. Co-defendants, JOHN DOE and/or RICHARD ROE, are fictitious names for unknown persons and/or unknown entities that participated in acts against PLAINTIFF in violation of the Automatic Stay Order provisions, are responsible for the damages and acts alleged in this complaint.

5. INSURANCE COMPANIES X, Y and/OR Z, Hereinafter INSURANCE COMPANIES X, Y and/OR Z, are the insurance companies of the defendants in this adversary proceeding who committed and/or participated in acts against PLAINTIFF in violation of the Automatic Stay Order provisions, and therefore responsible for the damages and acts alleged in this complaint.

6. Indispensable party, *ALEJANDRO OLIVERAS RIVERA*, who is the Standing Chapter Thirteen Trustee assigned by the

3

Court to administer the Bankruptcy Estate in the above captioned Chapter 13 Bankruptcy Petition.

## FACTS AND ALLEGATIONS

7. On or about December 30th, 2005 (pre-BAPCPA), PLAINTIFF filed a Chapter 13 Bankruptcy petition; Case number **2005-13197 ESL** (*See: Bankruptcy case's original NIBS docket entry number* 1).

8. At the time the petition was filed, PLAINTIFF gave notice of the filing to all creditors; who were informed that all actions or proceedings to enforce any claims or to levy on property of DEBTOR-PLAINTIFF subsequent to the filing of the aforesaid petition were stayed by law.

9. PLAINTIFF alleges upon information and belief that the notice mailed by the Honorable Court included the following warning to all creditors: *"CREDITORS MAY NOT TAKE CERTAIN ACTIONS: The filing of the bankruptcy case automatically **stays** certain collection and other actions against the debtor, debtor's property, and certain co-debtors. If you attempt to collect a debt or take other action in violation of the Bankruptcy Code, you may be **penalized**."*

4

10. PLAINTIFF avers that all of these documents were served on Defendant and received by the Defendant(s) including other documents filed in this case.

11. Upon receipt of this notice and request, and this Honorable Court's Notice, DEFENDANT CINGULAR was required pursuant to 11 U.S.C. § 362 to **STOP** any and all money actions against PLAINTIFF and their property.

12. DEFENDANT CINGULAR was included in both the master address list; the amended master address list and schedule **F** of the Bankruptcy Petition. (*See: Bankruptcy case's original NIBS docket entries number 1 & 13*).

13. On or about January 26^th, 2006, DEFENDANT CINGULAR filed its proof of claim (claim number 5) in the amount of **$4,456.82** for account number 90508658-100-043. (*See: Bankruptcy case's original NIBS claim entry number 4*). Said act **further** demonstrates that DEFENDANT CINGULAR **KNEW of the filing** of PLAINTIFF'S Bankruptcy petition and of the Automatic Stay Order provisions in effect. (*Copy of the CINGULAR PROOF OF CLAIM, is hereby attached as **exhibit A***).

14. The case's plan was confirmed by this Honorable Court on April 21st, 2006, and the confirmation order was issued

5

by this Honorable Court on April 25th, 2006. (*See: Bankruptcy case's original NIBS docket entries number 24 & 25*).

15. DEFENDANT CINGULAR, as creditor in the case, has been duly notified by the Honorable Court of the proceedings in PLAINTIFF'S case.

16. At some time during the case's course, DEFENDANT CINGULAR ***Knowingly*** handed PLAINTIFF'S CINGULAR account over to DEFENDANT AFNI, for money collection of the PLAINTIFF'S debt, which was and is still included in the bankruptcy petition and protected from collection under the Bankruptcy Code.

17. DEFENDANT AFNI, on its own or on behalf of DEFENDANT CINGULAR and in its money collection efforts, has sent a collection lletter (COLLECTION NOTICE) to PLAINTIFF in the amount *$4,456.82*; for the same amount and debt which was and is still included in the bankruptcy petition and protected from collection under the Bankruptcy Code.

## CIVIL CONTEMPT AND 11 U.S.C. § 362

## VIOLATION

18. PLAINTIFF re-alleges each and every preceding allegation as if fully set herein against all co-defendants.

19. Section 362 of the Bankruptcy Code, in its pertinent part, reads as follows:

> "a) Except as provided in subsection (b) of this section, a petition filed under section 301, 302, or 303 of this title *[11 USCS §§ 301,* 302, or 303], or an application filed under section 5(a)(3) of the Securities Investor Protection Act of 1970 *[15 USCS § 78eee*(a)(3)], operates as a stay, applicable to all entities, of--
>
> (1) the **commencement** or **continuation**, including the issuance or employment of process, of a judicial, administrative, **or other action or proceeding** against the <u>debtor</u> that was or could have been commenced before the commencement of the case under this title, or to recover a <u>claim against the debtor</u> that arose before the commencement of the case under this title;.....
> (2) ................................;
> (3) ................................;
> (4) ................................;
> (5) ................................;
> (6) any act to collect, **assess**, or **recover** a <u>claim against the debtor</u> that arose before the commencement of the case under this title ; ;"
>
> (BOLD and UNDERLINE added)

20. The Federal Courts have concluded that, both public and private creditors of debtor are subject to automatic stay; even parties *who are not* creditors of estate are subject to it. *(See: <u>In Re Claussen</u> (1990, BC DC SD) 118 B.R. 1009, 24 CBC2d 398)*.

21. In the case at bar, DEFENDANT AFNI, on its own or on behalf of DEFENDANT CINGULAR, has been attempting collection efforts against PLAINTTIFF by sending collection letters concerning the CINGULAR account included in the Bankruptcy petition. *(Copy of the latest letter sent by AFNI on June 2007, MORE THAN ONE YEAR AFTER THAT FILING OF THE PETITION AND THE CINGULAR PROOF OF CLAIM, is hereby attached as* **exhibit  B***).*

22. The filing of the petition also usually effectuates the automatic stay of *section 362(a) of the Bankruptcy Code*, protecting the debtor and the estate from most creditor actions. *(See: 1-1 Collier Consumer Bankruptcy Practice Guide P 1.02 (Matthew Bender 3d Ed. Revised 2005))* .

23. Notwithstanding that DEFENDANTS CINGULAR & AFNI, its employee(s), agent(s), representative, legal or otherwise, and/or contractor(s) knew of the filing of the bankruptcy petition by PLAINTIFF, and having been informed that they are stayed by law from proceeding further with collection efforts and/or legal proceedings in State Court; the aforesaid DEFENDANTS, its employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s) have continued with collection efforts PLAINTIFF.

24. By continuing to make collection efforts, DEFENDANT(S) acted with knowledge that DEBTOR-PLAINTIFF had

previously filed a bankruptcy petition and that such acts were a willful violation of the Automatic Stay Order set forth by the Bankruptcy Code.

25. The actions perpetrated by DEFENDANT(S) and/or its employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s) are a clear and willful violation of Bankruptcy Law and of the Automatic stay order in effect issued by this Honorable Court.

26. DEFENDANT(S) had **knowledge** of the wrongs conspired as aforesaid, *had the* **power** to prevent them or the power to aid in preventing the commission of the same, **neglected** and **refused** to do so.

27. The DEFENDANTS' actions have caused problems, inconveniences and damages to PLAINTIFF.

28. As a result of the actions perpetrated by DEFENDANT(s), its employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s), intentional, deliberate and unlawful conduct**, PLAINTIFF LUIS GUILLERMO SANTIAGO PASTORIZA** is entitled to compensatory damages in the amount of no less than **$100,000.00**, for Suffering caused to PLAINTIFF, Mental Anguish and the deliberate disruption of PLAINTIFF'S rehabilitation efforts.

29. DEFENDANTS' *intentional* and *deliberate* actions are in reckless disregard of this Honorable Court's orders, namely the Automatic Stay Order, for which punitive damages in the amount of no less than *$50,000.00* dollars should be awarded to PLAINTIFF *LUIS GUILLERMO SANTIAGO PASTORIZA*.

30. All defendants are jointly and severally liable to PLAINTIFF.

31. As a result of all the DEFENDANTS' deliberate actions, PLAINTIFF is entitled to costs and attorney's fees. (*See: GMAC v Ryan, 183 B.R. 288 (M.D. Fla. 1995)*

32. The actions perpetrated by the DEFENDANT(S), their employee(s), agent(s), representative(s), legal or otherwise, and/or contractor(s), are a clear and willful violation to Bankruptcy law and of this *Honorable Court's Automatic Stay order pursuant to 11 U.S.C. §§ 362.*

33. It has been necessary for PLAINTIFF to retain COUNSEL, to prosecute the litigation based upon the Violation of the Automatic Stay Order provisions, and counsel has incurred and will incur costs and other related expenses in prosecuting this action.

10

**WHEREFORE**, in view of the foregoing, PLAINTIFF respectfully requests this Honorable Court to grant judgment in favor of the plaintiff in the following manner:

1. Order Defendant(s) forthwith to cease and desist of any and all collection efforts.

2. Find that Defendant(s) is (are) in contempt of Court for the violation of the Automatic Stay provisions of the Bankruptcy Code and this Honorable Court's Orders.

3. Award PLAINTIFF *LUIS GUILLERMO SANTIAGO PASTORIZA*, pursuant to 11 U.S.C. §§ 105(a) and 362(h) damages totaling no less than **$100,000.00** for actual damages and no less than **$50,000.00** for punitive damages, attorney's fees and costs for the violation of the Automatic Stay Order.

4. Any other relief that this Honorable Court may deem appropriate.

11

**RESPECTFULLY SUBMITTED.**

In Arecibo, Puerto Rico this 31st day of October, 2007.

<u>/s/FELIX M. ZENO GLORO, Esq.</u>

FELIX M. ZENO GLORO

P.O. BOX 1945
ARECIBO, P.R. 00613-1945

Phone: (787) 879-1760
Email: *quiebra2@prtc.net*

By: _____

Jiavanessa Fontánez Ruiz

USDC 213707

12

Afni, Inc.
PO Box 3427
Bloomington, IL 61702-3427
(888)484-2407
www.afnicollections.com

# COLLECTION NOTICE

This account has been acquired by our agency for collection. We believe it is in your best interest to resolve this account. We may report information about your account to credit bureaus.

If you have any questions, please contact our office toll free at (888)484-2407 Monday through Friday 7am-9pm CST. For proper credit on your account, please write this number 023449939-02 on your payment.

Unless you notify this office within 30 days after receiving this notice that you dispute the validity of the debt or any portion thereof, this office will assume this debt is valid. If you notify this office in writing within 30 days from receiving this notice that you dispute the validity of the debt or any portion there of, this office will: obtain verification of the debt or obtain a copy of a judgement and mail you a copy of such judgement or verification. If you request this office in writing within 30 days after receiving this notice, this office will provide you with the name and address of the original creditor, if different from the current creditor. This is an attempt to collect a debt. Any information obtained will be used for the purpose. You have the right to inspect your credit. This letter is from a debt collector.

Please see reverse side of this notice for our Privacy Statement and credit card payment options.

To manage your account online, visit us at : www.afnicollections.com

Please retain this information for your records

| Afni, Inc. Account # | Balance Due | Creditor | Creditor Account # | Date |
|---|---|---|---|---|
| 023449939-02 | $4456.82 | CINGULAR | 90113651 | 6/11/2007 |

Detach along perforation and return bottom portion along with payment in the enclosed envelope. Credit card payment options are on the back of notice.

 For proper credit, please include your Afni account # listed below on your check 

AFNF7-0611-200152-QWSP-2 152

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

Department 555
PO BOX 4115
CONCORD CA 94524



ADDRESS SERVICE REQUESTED

#BWNFTZF #AFN8410348607064#

IlllmllimlllmmllmllmlllllllmllllllmlllllmlllmllmlIl

LUIS SANTIAGO PASTOR
HC 1 BOX 10358
ARECIBO PR 00612-9737

| Afni, Inc. Account #: | 023449939-02 |
|---|---|
| Original Creditor: | CINGULAR |
| Client Account #: | 90113651 |
| Original Balance: | $4456.82 |
| Collection Fee: | $0.00 |
| Balance Due: | $4456.82 |
| Date: | 6/11/2007 |
| Toll Free: | (888)484-2407 |

4    02023449939    441234    445682

PO Box 3427
Bloomington, IL 61702-3427
IdlImmlllmdllmmdldlllmldldllmlldmlmlllmdlldml

| UNITED STATES BANKRUPTCY COURT | DISTRICT OF PUERTO RICO | PROOF OF CLAIM |
|---|---|---|

| Name of Debtor | Case Number | |
|---|---|---|
| LUIS G. SANTIAGO PASTORIZA | 05-13197 | JUDGE |

NOTE: This form should not be used to make a claim for an administrative expense arising after the commencement of the case. A "request" for payment of an administrative expense may be filed pursuant to 11 U.S.C. § 503.

ENRIQUE LAMOUTTE

CHAPTER 13

Name of Creditor (The person or other entity to whom the debtor owes money or property):

**CINGULAR WIRELESS PR**

Name and address where notices should be sent:

PO BOX 192830
SAN JUAN, PR 00919-2830

Telephone number:(787) 397-5012

☐ Check box if you are aware that anyone else has filed a proof of claim relating to your claim. Attach copy of statement giving particulars.

☐ Check box if you have never received any notices from the bankruptcy court in this case.

☐ Check box if the address differs from the address on the envelope sent to you by the court.

THIS SPACE IS FOR COURT USE ONLY

Account or other number by which creditor identifies debtor:

90508658-100-43

Check here ☐ replaces
if this claim     a previously filed claim, dated:
☐ amends

| Basis for Claim | |
|---|---|
| ☐ Goods sold | ☐ Retiree benefits as defined in 11 U.S.C. § 1114(a) |
| ☐ Services performed | ☐ Wages, salaries, and compensation (fill out below) |
| ☐ Money loaned | Your SS #: _____ |
| ☐ Personal injury/wrongful death | Unpaid compensation for services performed |
| ☐ Taxes | from _____ to _____ |
| ☐ Other _____ | (date)        (data) |

Date Debt was incurred: 11-13-04    | 3. If court judgment, date obtained:

1. Total Amount of Claim at Time Case Filed:    $4,456.82

If all or part of your claim is secured or entitled to priority, also complete Item 5 or 6 below.
☐ Check this box if claim includes interest or other charges in addition to the principal amount of the claim. Attach itemized statement of all interest or additional charges.

**5. Secured Claim.**
☐ Check this box if your claim is secured by collateral (including a right of setoff).

Brief Description of Collateral:
☐ Real Estate   ☐ Motor Vehicle
☐ Other _____

Value of Collateral: $ _____

Amount of arrearage and other charges at time case filed included in secured claim, if any: $ _____

**6. Unsecured Priority Claim.**
☐ Check this box if you have an unsecured priority claim
Amount entitled to priority $ _____
Specify the priority of the claim:
☐ Wages, salaries, or commissions (up to $4,650),* earned within 90 days before filing of the bankruptcy petition or cessation of the debtor's business, whichever is earlier - 11 U.S.C. § 507(a)(3).
☐ Contributions to an employee benefit plan - 11 U.S.C. § 507(a)(4).
☐ Up to $2,100* of deposits toward purchase, lease, or rental of property or services for personal, family, or household use - 11 U.S.C. § 507(a)(6).
☐ Alimony, maintenance, or support owed to a spouse, former spouse, or child - 11 U.S.C. § 507(a)(7).
☐ Taxes or penalties owed to governmental units - 11 U.S.C. § 507(a)(8).
☐ Other - Specify applicable paragraph of 11 U.S.C. § 507(a)(___).
*Amounts are subject to adjustment on 4/1/04 and every 3 years thereafter with respect to cases commenced on or after the date of adjustment

7. Credits: The amount of all payments on this claim has been credited and deducted for the purpose of making this proof of claim.

8. Supporting Documents: *Attach copies of supporting documents, such as promissory notes, purchase orders, invoices, itemized statements of running accounts, contracts, court judgments, mortgages, security agreements, and evidence of perfection of lien.* DO NOT SEND ORIGINAL DOCUMENTS. If the documents are not available, explain. If the documents are voluminous, attach a summary.

9. Date-Stamped Copy: To receive an acknowledgment of the filing of your claim, enclose a stamped, self-addressed envelope and copy of this proof of claim.

THIS SPACE IS FOR COURT USE ONLY

| Date | Sign and print the name and title, if any, of the creditor or other person authorized to file this claim (attach copy of power of attorney, if any): |
|---|---|
| 11/26/2006 | /s/ Evelyn Pérez
Evelyn Pérez, Il. Bankruptcy Analyst |

Penalty for presenting fraudulent claim: Fine of up to $500,000 or imprisonment for up to 5 years, or both. 18 U.S.C. §§ 152 and 3571.

# Account 90508658 General Information

User ID: MP3412        Date: 01/23/2006

Company Name:

Attention:

Billing:        LUIS G SANTIAGO PASTORIZA
                RC 01 BOX 10358

                ARECIBO
                PR, 006129737

Alternate:      LUIS SANTIAGO PASTORISA
                RC 01 BOX 10358

                ARECIBO
                PR, 006129737

Contact:              Name: LUIS G SANTIAGO PASTORISA
                Home Phone: (787) 817-4536
                Work Phone: (787) 880-7418        Ext:

Responsibility:
                       SSN: 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
                    D.O.B.: 03/25/1966
             Drivers License: 1488789
        Drivers License State: PR

Balance:
               Current Due:        0.00
                  Past Due:     4456.82
                 Total Due:        0.00
             Bypass Months: 0
        Late Payment Waiver: No
     Automatic Credit Refund: No

Bill:
                Bill Media: P - PAPER ONLY
             Number of Bills: 1
                 Mail Bill: No

Agent:
                Agent Code: E201
               Retail Code: 2036
                Sales Rep: E22036
          Major Account Rep:

Account:
           Account Rate Plan:
                Bill Cycle: 22
               Credit Class: 2
             Treatment Code: K
            Customer Class:
          Account Discount:
              Account Type: Single non-commercial lines
           National Account:
            Common Account:
        Language Preference: Spanish
            Current Status: Charge Off